UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

        Plaintiff,                        Case No. 1:16-cv-13434
                                              District Judge Thomas L. Ludington
v.                                              Magistrate Judge Anthony P. Patti

SCOTT STEPHENSON, *et al.*,

        Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DISCOVERY (DE 17)

**I.    BACKGROUND**

Plaintiff, Tyrone Price, a federal prisoner who is proceeding without the assistance of counsel, filed his complaint and application to proceed *in forma pauperis* on September 21, 2016. (DE 1, 2.) Plaintiff asserts that various prison officials and employees of the Midland County Jail violated his rights under the First Amendment by opening his legal mail outside of his presence and by holding his outgoing legal mail.[1] He asks the Court to "sue and prosecute" because his Constitutional rights were violated.

Defendants timely filed a motion to dismiss or, in the alternative, a motion for summary judgment, on March 6, 2017, to which Plaintiff must respond by May

---

[1] Plaintiff has since been transferred to the Hazelton Penitentiary.

1, 2017.  (DE 16.)[2]  Defendants assert that they are entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56 because Plaintiff's claims are limited to declaratory and injunctive relief, which are mooted by his transfer.  They also contend that they have immunity from Plaintiff's official capacity claims.

Plaintiff filed the instant motion on March 13, 2017, asking the court to compel certain Defendants to produce "evidence obtained at the Midland County Jail," specifically an inmate's email account of Plaintiff's correspondence with prison administration.  (DE 17 at 1.)  The Court will construe Plaintiff's motion as one to compel discovery pursuant to Federal Rule of Civil Procedure 37.

## II.   STANDARD

Pursuant to Rule 37, a party may file a motion to compel production of requested documents.  The Rule provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  Additionally, any motion to compel filed under Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery. . . ."  Fed. R. Civ. P. 37(a).

---

[2] Defendants refer to Rule 12(b), but seem to argue their motion solely under Rule 56.

## III. DISCUSSION

Plaintiff's motion is premature. Plaintiff cannot successfully move for an order compelling documents when he did not first seek this information through Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). As best as the Court can discern, Plaintiff simply filed his discovery requests and asks the Court to order Defendants to respond. The materials Plaintiff seeks may be discoverable, but Plaintiff has failed to properly serve the requests pursuant to Federal Rule of Civil Procedure 34(a). Furthermore, the filing of such discovery material is improper pursuant to Local Rule 26.2. E.D. Mich. LR 26.2 ("A party or other person *may not* file discovery material" except in limited circumstances) (emphasis added).

Moreover, Plaintiff does not indicate, by affidavit or declaration, that such discovery is necessary to justify his opposition to the pending motion for summary judgment pursuant to Rule 56(d). Accordingly, the Court is unable to offer him such relief at this point and Plaintiff's motion is therefore **DENIED WITHOUT PREJUDICE** as premature.

**IT IS SO ORDERED.**

Dated: March 17, 2017          s/Anthony P. Patti
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing order was sent to parties of record on March 17, 2017, electronically and/or by U.S. Mail.

                                          s/Michael Williams
                                          Case Manager for the
                                          Honorable Anthony P. Patti