UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

        Plaintiff

v.

SCOTT STEPHENSON,
JEFFREY DEROCHER, and
RICHARD SPEICH

        Defendants.
_____/

Case No. 2:16-13434
District Judge Thomas L.
Ludington
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 25)

This matter is before the Court for consideration of Plaintiff Tyrone Price's

motion for appointment of counsel. (DE 25.) For the reasons that follow,

Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## I.     BACKGROUND

Plaintiff, a federal prisoner who is proceeding *in forma pauperis*, brings this

prisoner civil rights lawsuit against three defendants, Sheriff Scott Stephenson,

Deputy Richard Speich, and Lieutenant Jeffrey Derocher, alleging they violated his

rights under the First Amendment by opening his legal mail outside of his presence

and by holding his outgoing legal mail while he was housed at the Midland County

Jail.  (DE 1.)  He asks the Court to "sue and prosecute" because his Constitutional rights were violated.

Plaintiff filed this motion for appointment of counsel on June 26, 2016.  (DE 25.)  In his motion, he asks the court to appoint an attorney in this civil matter because of his of lack of legal experience and the complexity of the issues in this matter.  Judge Ludington issued an order referring all pretrial proceedings to me on January 2, 2017.  (DE 10.)

## II.    ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)."  *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent

prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

Applying the foregoing authority, Plaintiff has not described circumstances sufficiently exceptional to justify a request for appointment of counsel. Plaintiff contends that he is "a layman with law" with "no experience," and that his issue presented to the Court is complex, requiring assistance of counsel. Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances. Further, despite Plaintiff's claim to the contrary, Plaintiff has on several occasions illustrated his ability to articulate his claims in a coherent manner and provide sophisticated briefing to this Court—in his Complaint, discovery motions, and his response to Defendant's motion for summary judgment—and even the instant motion is clear in outlining his reasons for requesting the appointment of counsel. Moreover, contrary to Plaintiff's assertion, the operative claims do not appear to involve novel or especially complex issues. Finally, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this civil case.

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** (DE 25.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: October 27, 2017                    s/Anthony P. Patti
                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

### **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on October 27, 2017, electronically and/or by U.S. Mail.

                                            s/Michael Williams
                                            Case Manager for the
                                            Honorable Anthony P. Patti