UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

       Plaintiff,

v.

SCOTT STEPHENSON, *et al.*,

       Defendants.

_____/

Case No. 1:16-cv-13434
District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

## **ORDER DENYING MOTIONS FOR DISCOVERY (DE 24, 27)**

This matter is before the Court for consideration of Plaintiff's motions for discovery. (DE 24, 27.) For the reasons that follow, Plaintiff's motions are **DENIED**.

**A. Background**

Plaintiff, Tyrone Price, a federal prisoner who is proceeding without the assistance of counsel, filed his complaint and application to proceed *in forma pauperis* on September 21, 2016. (DE 1, 2.) Plaintiff asserts that various prison officials and employees of the Midland County Jail violated his rights under the First Amendment by opening his legal mail outside of his presence on two occasions – April 3, 2016 and June 28, 2016. (DE 1 at 5.) Plaintiff also claims that Defendants held his outgoing legal mail. (*Id.*) Plaintiff filed the instant

Prisoner Civil Rights Complaint after he was no longer in the Midland County Jail, but housed at St. Clair County Jail. (DE 1.)[1]  He asks the Court to "sue and prosecute" because his Constitutional rights were violated.  On January 3, 2017, Judge Ludington referred this matter to me for all pre-trial proceedings.  (DE 10.)

On March 6, 2017, Defendants filed a motion to dismiss and for alternative summary judgment.  (DE 16.)  Defendants argue that Plaintiff's Complaint—alleging liability against Defendants in their official capacities, and requesting only declaratory and injunctive relief—is moot because Plaintiff is no longer incarnated in the Midland County Jail, and that they are entitled to qualified immunity.  (*Id.* at 11-13.)  Plaintiff responded to Defendants' motion to dismiss and for alternative summary judgment on June 26, 2017.  (DE 26.)

**B.    The Instant Motions**

Plaintiff filed the instant motions for discovery on May 30, 2017 and July 12, 2017.  (DE 24, 27.)  The motions are almost identical and seek the same documents—correspondence between Plaintiff and prison administration on specified dates from Plaintiff's inmate "email grievance account."

**C.    Standard**

The Court has broad discretion to determine the scope of discovery.  *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).  The scope of discovery,

---

[1] Plaintiff has since been transferred to the Hazelton Penitentiary.

which permits a party to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit," is always subject to being "limited by court order[,]" and thus, within the sound discretion of the court. Fed. R. Civ. P. 26(b)(1). Further, discovery is more liberal than even the trial setting, as Rule 26(b) allows information that "need not be admissible in evidence" to be discoverable. *Id.* However, the court must also balance the "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.,* 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush,* 161 F.3d at 367). Rule 37(a) allows a party to move for an order compelling "an answer, designation, production, or inspection" if the opposing party has failed to provide a discovery response. Fed. R. Civ. P. 37(a)(3).).

**D.** **Discussion**

Upon consideration, Plaintiff's motions for discovery are **DENIED**. (DE 24, 27.) First, it appears that Plaintiff is in possession of his grievance materials while housed at the Midland County Jail. Plaintiff's Resident Request Forms were attached as exhibits to Defendants' March 6, 2017 motion to dismiss, or

3

alternatively, for summary judgment, as well as Plaintiff's June 26, 2017 response to that motion. (DE 16-1; DE 26 at 9-12.) Moreover, Plaintiff does not indicate, by affidavit or declaration, in either his discovery motions or in his response to Defendants' pending dispositive motion that "for specified reasons, [Plaintiff] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). He merely asserts in his discovery motions that he "request[s] these discovery materials in [an] attempt to fully explain situations and their transparency." (DE 24, 27.) He similarly merely states in his response to Defendants' motion to dismiss or for summary judgment that "[d]iscovery will produce Disclosure supporting Petitioner's claim." (DE 26 at 8.) Thus Plaintiff's motions do not convince this Court that it should put the disposition of Defendants' pending dispositive motion on hold, and Plaintiff's response to that motion, with exhibits, convinces the Court that Plaintiff has obtained the information necessary to respond.

Accordingly, Plaintiff's motions for discovery (DE 24, 27) are **DENIED**. Defendants' motion to dismiss, or alternatively, for summary judgment, will be addressed under separate cover.

**IT IS SO ORDERED.**

Dated: November 1, 2017         s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on November 1, 2017, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti