UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

        Plaintiff,

v.

SCOTT STEPHENSON, *et al.*,

        Defendants.

_____/

Case No. 1:16-cv-13434
District Judge Thomas L. Ludington
Magistrate Judge Anthony P. Patti

### REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS AND FOR ALTERNATIVE SUMMARY JUDGMENT (DE 16)

**I.    RECOMMENDATION:** The Court should **GRANT** Defendants' motion to dismiss and for alternative summary judgment because Plaintiff's Complaint, which seeks only injunctive and/or declaratory relief, is mooted by Plaintiff's transfer from the Midland County Jail. (DE 16.)

**II.    REPORT**

    **A.  Background**

Plaintiff, Tyrone Price, a federal prisoner who is proceeding without the assistance of counsel, filed his complaint and application to proceed *in forma pauperis* on September 21, 2016. (DE 1, 2.) Plaintiff asserts that various prison officials and employees of the Midland County Jail violated his rights under the

First Amendment by opening his legal mail outside of his presence on two occasions – April 3, 2016 and June 28, 2106. (DE 1 at 5.) Plaintiff also claims that Defendants held his outgoing legal mail. (*Id.*) Plaintiff filed the instant Prisoner Civil Rights Complaint after he was no longer in the Midland County Jail, but housed at St. Clair County Jail. (DE 1.)[1] He asks the Court to "sue and prosecute" because his Constitutional rights were violated.

On January 3, 2017, Judge Ludington referred this matter to me for all pre-trial proceedings. (DE 10.)

### B. The Instant Motion

On March 6, 2017, Defendants timely filed a motion to dismiss and for alternative summary judgment. (DE 16.) Defendants argue that Plaintiff's Complaint—alleging liability against Defendants in their official capacities, and requesting only declaratory and injunctive relief—is moot because Plaintiff is no longer incarnated in the Midland County Jail. (*Id.* at 11-12.) Defendants further argue that a case against Defendants in their official capacity is essentially a case against the County, and Midland County has a policy that complies with the law with regard to the opening of inmates' mail from the court and attorneys. (*Id.* at 12-13.) Defendants assert that they are entitled to summary judgment pursuant to

---

[1] Plaintiff has since been transferred to the Hazelton Penitentiary.

Federal Rule of Civil Procedure 56 because they have immunity from Plaintiff's official capacity claims.

Plaintiff filed a response to Defendants' motion on June 26, 2017. (DE 26.) Plaintiff argues that "regardless of where he is currently housed," Midland County Jail staff admits to opening his legal mail outside his presence, which violates Midland County Jail policy and Plaintiff's First Amendment rights. (*Id.* at 4.) Plaintiff asserts that the attached grievances all "clarify [his] concerns about his legal mail being opened and read outside his presence[.]" (*Id.* at 7.) Plaintiff "asserts his claim for Injunctive Relief is moot since he [is] no longer housed at Midland County Jail. However [he] is still entitled to relief since [Defendants] by there [sic] own omission [sic], agreed they opened Petitioner's legal mail by accident." (*Id.* at 8.)

### C. Standard

Although Defendants' motion is filed as a motion to dismiss pursuant to Rule 12(b)(6) and for alternative for summary judgment pursuant to Fed. R. Civ. P. 56(c) (DE 16 at 7-10), this report recommends that the Court address Plaintiff's claims against Defendants solely under Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

    **D.**    **Discussion**

        **1.**    **Plaintiff's Claim is Moot because He is no Longer Incarcerated at the Midland County Jail**

4

It is well settled law that "[a] prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility." *Parks v. Reans*, 510 F. App'x 414, 415 96th Cir. 2013); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff's Complaint alleges Defendants improperly opened his legal mail while he was housed in the Midland County Jail, in violation of his First Amendment rights, and he seeks to "[s]ue and prosecute" for violation of his Constitutional rights. (DE 1 at 5.) However, it is undisputed that Plaintiff is no longer incarcerated at the Midland County Jail, and in fact he had transferred to the Saint Clair County Jail by the time he filed his Complaint, and he is now housed in the Hazelton Penitentiary. And, as Defendants point out, Plaintiff makes no allegation that he anticipates returning to the Midland County Jail.

Moreover, Plaintiff seeks only equitable relief in his Complaint for the alleged violations of his First Amendment rights—to "[s]ue and prosecute, My Constitutional rights were violated." (DE 1 at 5.) As noted above, *pro se* complaints are interpreted liberally. *Haines*, 404 U.S. at 520. "When interpreting the pro se papers, the Court should use common sense to determine what relief the party desires." *Securities and Exchange Comm'n v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992) (citing *Simmons v. Zibilich*, 542 F.2d 259, 260 (5th Cir. 1976)). On the other hand, "courts may not rewrite a complaint to include claims that were

5

never presented … nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.). Plaintiff's Complaint here simply does not contain a prayer for money damages or a request for legal remedies, only equitable ones. (DE 1.)

Plaintiff is "the master of his complaint," and thus, the Court looks to the pleadings to define his claims. *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005). The Rules of Civil Procedure clearly require "a demand for the relief sought[,]" Fed. R. Civ. P. 8(a)(3), and even where a plaintiff is proceeding *in pro per*, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler*, 482 F. App'x at 976-77 (internal citations omitted). Even if this Court *were* to take a gander at the nature of the claim asserted, and through liberal construction of these *pro se* pleadings conclude that his prayer for relief is *ambiguous*--and even if (to borrow a concept from contract law) the Court were not inclined to construe this ambiguity against the drafter--when given the opportunity to do so, Plaintiff himself does not dispute that he is seeking only injunctive relief. (DE 26 at 8.) Indeed, he admits that "his claim for Injunctive Relief is moot because he [is] no longer housed at the Midland County Jail." (*Id.*) He says nothing about a legal damage claim. Nevertheless, he argues that he is

6

"still entitled to relief" because Defendants opened his legal mail outside his presence, without further explanation as to what that relief might be or why he is entitled to it. As he seems to concede, a prisoner's claims for injunctive and declaratory relief from officials at a specific institution become moot when the prisoner is transferred from the institution about which he complains, in the absence of exigent circumstances which do not exist in this case. *See Kensu*, 87 F.3d at 175 ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."). Accordingly, Plaintiff's claims against Defendants have been rendered moot by his transfer from the Midland County Jail, and his Complaint should be **DISMISSED WITH PREJUDICE.**[2]

### III. CONCLUSION

For the foregoing reasons, the Undersigned recommends that the Court **GRANT** Defendants' Motion to Dismiss and for Alternative Summary Judgment. (DE 16.)

### IV. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

---

[2] Because I find that Plaintiff's claim is moot, I will not address Defendants' argument that they are entitled to qualified immunity.

7

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 6, 2017  s/Anthony P. Patti  
                                                         Anthony P. Patti  
                                                         UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on November 6, 2017, electronically and/or by U.S. Mail.

                                           s/Michael Williams
                                           Case Manager for the
                                           Honorable Anthony P. Patti