UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TYRONE PRICE,

            Plaintiff,                      Case No. 16-cv-13434

v.                                            Honorable Thomas L. Ludington
                                              Magistrate Judge Anthony P. Patti

SCOTT STEPHENSON, *et al.*,

            Defendants.
_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO SUPPLEMENT, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING COMPLAINT

On September 21, 2016, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 alleging that various officials and employees of the Midland County Jail violated his first amendment rights by opening his legal mail outside of his presence and withholding his outgoing legal mail. On January 3, 2017, pretrial matters were referred to Magistrate Judge Anthony Patti. Defendants moved to dismiss and, in the alternative, for summary judgment on March 6, 2017. Plaintiff moved for appointment of counsel on June 26, 2017, and the motion was denied. On November 6, 2017, Judge Patti issued a report recommending that Defendants' motion to dismiss be granted and that Plaintiff's complaint be dismissed. Plaintiff sought and received an extension of time to file objections to the report and recommendation, and filed his objections on November 27, 2017. On November 6, 2017, Plaintiff filed a "(Motion for a Supplement) A Preliminary Injunction For Relief From Deliberate Indifference." ECF No. 31. The proposed supplemental pleading seeks monetary damages. ECF No. 31.

**I.**

Neither party objects to the factual and procedural summaries in Judge Patti's report, which are accordingly adopted in full. In his report, Judge Patti recommends granting the motion to dismiss. Judge Patti reasons that Plaintiff only asserts a claim for injunctive relief, which is moot because Plaintiff is no longer being held at the Midland County Jail. Rep & Rec. at 5 (ECF No. 30) (citing *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) ("A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility.")). Judge Patti notes that Plaintiff's complaint is not particularly helpful in determining the relief sought. Under relief sought, the complaint states "sue and prosecute, my constitutional rights were violated." Judge Patti notes that the Court has a responsibility to liberally construe pro se complaints. However, Judge Patti concluded that, even liberally construed, Plaintiff has not sought monetary damages, and that the Court "may not rewrite the complaint to include claims that were never presented." *Id.* at 5-6 (citing *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J.)).

As Judge Patti further noted, Plaintiff's response brief indicates: "Petitioner asserts his claim for Injunctive Relief is moot since he no longer is housed in Midland County Jail. However, Petitioner is still entitled relief since Respondent's by [their] own [admission], agreed they opened Petitioner's mail by accident." Resp. at 6, ECF No. 26. Judge Patti notes that Plaintiff never contended he is seeking monetary damages.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections

are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

Plaintiff makes no objections to Judge Patti's conclusion that his claim for injunctive relief is moot as he is no longer being held in the Midland County Jail. Rather, Plaintiff notes that he filed a motion to supplement his complaint to state a claim for damages, which is not

moot. Obj. at 1, ECF No. 34 (citing *Boag v. MacDougall*, 454 U.S. 364 (1982) (transfer of state prisoner to another facility did not moot his damages claim). Although Plaintiff's motion is specifically labelled "(motion for a supplement) A Preliminary Injunction For Relief From Deliberate Indifference," the motion clearly seeks monetary damages, including compensatory damages in an amount of "100.000.00" and punitive damages for deliberate indifference also in an amount of "100.000.00." As this motion to supplement is the gravamen of Plaintiff's objections to the report and recommendation, it will be addressed first.

**A.**

Rule 15(d) provides that on motion a court may allow a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff does not set forth any event that occurred after he filed his complaint. Rather, he seeks an alternative form of relief. Thus, the motion is not a motion to supplement under rule 15(d). It is a motion to amend under rule 15(a)(2). Fed. R. Civ. P. 15(a)(2).

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Denial of a motion to amend is appropriate, however, "'where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The motion to amend will be denied. First, the motion is unnecessarily delayed. Plaintiff filed his complaint on September 21, 2016, in which he did not seek monetary damages.

Admittedly, Plaintiff did seek appointment of counsel noting he is "untrained at the rigors of law." ECF No. 25. However, he made this motion 9 months after filing his complaint. Secondly, Plaintiff need not be trained in the rigors of law to specify if he is asking the Court to award him money. He only needed to give some thought and consideration to what relief he desired. Rather, under the section of his complaint labeled "relief," he simply asked the court to "sue and prosecute." Additionally, Plaintiff did not seek leave to amend for 14 months after filing his complaint, and several months after the motion to dismiss was fully briefed. Before seeking leave to amend, Plaintiff had never indicated his intention to seek money damages.

Plaintiff's amendment would also be futile. An amendment would be futile if the amended complaint does not state a claim upon which relief can be granted. *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

Plaintiff asserts his claim against three municipal officers in their official capacity. An official capacity action against an officer is the functional equivalent of an action against the municipal entity itself. *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989). A municipality cannot be held liable under section 1983 pursuant to a theory of respondeat superior. *Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005). That is, a municipality cannot be held liable simply for employing someone who becomes a constitutional wrongdoer. Rather, a municipality is subject to liability under section 1983 only when the violation of the federally protected right can be attributed to the enforcement of an official municipal policy or practice, or to a decision of a final municipal policy maker. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Municipal liability may be based on 1) an express municipal policy, such as an ordinance, regulation, or policy statement, 2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute custom or usage with the force of law, or 3) the decision of a person with final policy making authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–83 (1986).

Here, Plaintiff alleges that on two different occasions (April 3, 2016, and June 28, 2016) prison[1] officers opened his legal mail (letters from the ALCU) without him being present, and that they also held his outgoing mail. Compl. at 2. With respect to the April letter, he alleges that he filed a grievance with administrator Lieutenant Derocher who determined that the letter was not from an attorney. *Id.* With respect to the June letter, Plaintiff states that Captain Harnois sent Defendant Speich to look at the mail and determined that it was opened by mistake. *Id.*

---

[1] Petitioner frequently refers to the Midland County Jail as a "prison". Prisons are state correctional institutions and jails are creatures of county/municipality law.

Plaintiff does not allege facts which, if proven, would establish the existence of a municipal policy or custom of opening prisoner's legal mail without the prisoner being present. He does not allege that Midland County Jail has an express policy of opening prisoner's legal mail without the prisoner being present. His allegations instead appear to cut the opposite way, as his complaint reflects that the Midland County Jail has a grievance procedure to investigate such instances, suggesting that opening legal mail in the prisoner's absence in fact runs *counter* to the official policy of the Midland County Jail. He appears to allege that he availed himself of that grievance procedure. In fact, Plaintiff's motion to amend alleges that "Prison Officials failed to follow[] the prison Policy." Mot. at 1, ECF No. 31. Thus, he strongly suggests that the Midland County Jail in fact had a policy prohibiting the conduct he alleges.

Indeed, the Midland County Jail did have an express written policy, which provides: "All incoming mail shall be opened and inspected by a Correctional Deputy, except letters from a court or an attorney. Mail from a court or an attorney shall be opened in the presence of the inmate." Def. Mot. Exhibit B, ECF No. 16-2. Because Plaintiff refers to this policy in his amended pleading, and it is integral to his claim, it is appropriate to consider on a motion to dismiss. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (noting that it is well established that, when a document is referred to in the pleadings and is integral to the claims, it may be considered by the court without converting a motion to dismiss into one for summary judgment). Plaintiff does not dispute that this was the policy of the Midland County Jail.

Plaintiff does not allege that the practice of opening prisoner's legal mail in their absence was so widespread as to amount to a custom. Rather, he identifies two incidents. Finally, he does not allege that any of the individuals who opened his mail had official policy making authority

with respect to opening prisoner's legal mail without the prisoner being present. In fact, he does not identify the individuals who opened the mail. He appears to suggest that it was the "staff." The only individuals he identifies who could potentially have policy making authority over anything related to prisoner mail are the Lieutenant and Captain who conducted the investigations, but he does not allege that they opened his mail.

Plaintiff's motion to amend does contain a paragraph which reads: "A Plaintiff may establish Municipal Liability under 42 U.S.C. 1983 by . . . . proving that his or her constitutional rights were violated by an action pursuant to Municipal State Policy, a policy is a deliberate choice to follow a course of conduct or actions made from among various alternative by the official or . . . . official's responsible for establishing final policy with respect to the Subject Matter in Question." Firstly, this is phrased as a recitation of a legal standard and not as an affirmative allegation of what occurred in this case. Secondly, even if it was presented as an allegation, this conclusory language still does not state a claim for relief.

The closest Plaintiff comes to stating a claim is by alleging "deliberate indifference." Indeed, deliberate indifference can give rise to municipal liability. *See, e.g.*, *City of Canton v. Harris*, 489 U.S. 378, 380 (1989) (deliberately indifferent training); *Vann v. City of N.Y.*, 72 F.3d 1040, 1049–51 (2nd Cir. 1995) (deliberately indifferent supervision or discipline); *Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410–11 (1997) (deliberately indifferent hiring); *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) (deliberately indifferent failure to adopt policies necessary to prevent constitutional violations). Plaintiff, however, does not identify the deliberately indifferent conduct Defendants allegedly engaged in. He does not allege that the Midland County Jail was deliberately indifferent with respect to training employees on handling prisoner legal mail, the supervision of those employees, or the hiring of those employees. Nor

does he allege they were deliberately indifferent with respect to adopting a policy necessary to prevent employees from opening prisoner legal mail. Again, his complaint in fact suggests the contrary, as he identifies a grievance procedure that he utilized, and alleges that the Defendants violated Midland County Jail policy. Plaintiff simply asserts in his motion to amend that he seeks "relief from deliberate indifference." Even under the liberal pleading standards for pro se litigants, this falls well short of stating a claim for municipal liability under section 1983.

Finally, Plaintiff's motion to amend includes a copy of correspondence concerning his grievance. Mot. Ex. B, ECF No. 31. The correspondence appears to be between Plaintiff and a Midland County Jail employee. The employee stated: "We can open court mail without you being present. We generally don't as a standard practice but that is only to prevent accidentally opening a confidential letter from your attorney." To the extent Plaintiff alleges this is an incorrect statement of his first amendment rights with respect to his mail, he still does not allege the existence of an unconstitutional policy or practice. Plaintiff does not identify the individual he was corresponding with or allege that such individual was endowed with final policy making authority.

Furthermore, the statement in that correspondence conflicts with the express written policy of the Midland County Jail which provides: "All incoming mail shall be opened and inspected by a Correctional Deputy, except letters from a court or an attorney. Mail from a court or an attorney shall be opened in the presence of the inmate." ECF No. 16-2. Accordingly, Plaintiff's motion to amend (ECF No. 31) will be denied as futile.

**B.**

In the remainder of Plaintiff's objections, he makes no objection directed at Judge Patti's report. Plaintiff contends he should have been appointed counsel under the sixth amendment

because this is a "critical stage for the defendant." Mr. Price is not a criminal defendant, but a civil plaintiff, and thus has no constitutional right to appointed counsel. Proceedings in forma pauperis are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004). No such circumstances exist here.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 34, are **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Patti's report and recommendation, ECF No. 30, is **ADOPTED**.

It is further **ORDERED** that Defendant's motion to dismiss, ECF No. 16, is **GRANTED**.

It is further **ORDERED** that Plaintiff's motion to supplement, ECF No. 31, is **DENIED.**

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED.**

Dated: February 21, 2018  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 21, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager