UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TYRONE PRICE,

                Plaintiff,                Case No. 16-cv-13434

v.                                            Honorable Thomas L. Ludington
                                              Magistrate Judge Anthony P. Patti

SCOTT STEPHENSON, *et al.*,

                Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On September 21, 2016, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 alleging that various officials and employees of the Midland County Jail violated his first amendment rights by opening his legal mail outside of his presence and withholding his outgoing legal mail. On January 3, 2017, pretrial matters were referred to Magistrate Judge Anthony Patti. Defendants moved to dismiss and, in the alternative, for summary judgment on March 6, 2017. Plaintiff moved for appointment of counsel on June 26, 2017, and the motion was denied. On November 6, 2017, Judge Patti issued a report recommending that Defendants' motion to dismiss be granted and that Plaintiff's complaint be dismissed. Plaintiff sought and received an extension of time to file objections to the report and recommendation, and filed his objections on November 27, 2017. On November 6, 2017, Plaintiff filed a "(Motion for a Supplement) A Preliminary Injunction For Relief From Deliberate Indifference." ECF No. 31. The proposed supplemental pleading sought monetary damages. ECF No. 31.

On February 21, 2018, the Court entered an order adopting Judge Patti's report and recommendation, and dismissing the complaint. ECF No. 35. The Court noted that Plaintiff had not disputed Judge Patti's conclusion that Plaintiff's claim for injunctive relief was moot because

he was no longer being held at the Midland County Jail. The Court also denied his motion to amend to add a claim for monetary damages because: 1) the motion was unnecessarily delayed, and 2) the amendment would be futile because the proposed amended complaint failed to state a claim against Defendants in their official capacities. On March 5, 2018, Plaintiff filed a letter indicating that he is now being held at the Midland County Jail again. ECF No. 38.

On May 16, 2018, Plaintiff filed a motion for reconsideration, in which he also indicated that he now resides at the Midland County Jail again. ECF No. 42. In his motion, Plaintiff alleges his legal mail was once again opened outside his presence on May 6, 2018. Plaintiff also alleges various other wrongs by jail officials including: 1) retaliating against him for by issuing frivolous tickets in violation of his first amendment rights; 2) depriving him of access to the commissary store and law library; 3) putting him in the hole based on false allegations that he flashed female inmates.

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

Plaintiff's motion was not filed for nearly three months after the entry of the order in question, and the motion is therefore untimely. Plaintiff's letter dated March 5 was filed within 14 days. However, even if the letter could be construed as a motion for reconsideration, Plaintiff would not be entitled to relief. The fact that Plaintiff is now being housed in the Midland County Jail again does not render the Court's decision erroneous. There was no indication on the record at the time the Court's order was issued that Plaintiff was again being held in the Midland County Jail. Rather, all indications were to the contrary. Indeed, Plaintiff acknowledge as much in his response to the motion to dismiss: "Petitioner asserts his claim for Injunctive Relief is moot since he no longer is housed at Midland county Jail." Resp. at 6, ECF No. 26.

Moot questions are not justiciable and courts do not rule on such questions in order to avoid issuing advisory opinions. A case is not moot, however, even though the factual controversy is over, if the case involves wrongs "capable of repetition, yet evading review." *United States v. Peters*, 754 F.2d 753, 757 (7th Cir. 1985). This doctrine does not provide Plaintiff any relief here, however. There was no indication at the time the Court issued its order that Plaintiff might end up back at the Midland County Jail. The circumstances by which he was transferred out of Midland County Jail and back were (and still are) unknown. Plaintiff made no argument that the wrong was capable of repetition. In fact, Plaintiff himself acknowledged that his claim for injunctive relief was moot.

Plaintiff now seeks reconsideration on the grounds that jail officials are opening his legal mail again without him being present. He also alleges a variety of other wrongful acts. These factual allegations do not undermine the validity of the Court's order, which was based only on the facts known at the time the order was issued. New wrongs committed after the entry of Judgment are not grounds to seek reconsideration of the Court's order.

Plaintiff's motion for reconsideration reads much like a new complaint. To the extent Plaintiff believes he can, via a motion for reconsideration, assert a new cause of action for wrongful acts that occurred after the entry of judgment in this case (including claims against new defendants), he is mistaken. The proper approach is for Plaintiff to file a new complaint (not on the present docket) with the clerk's office in Detroit[1], who will assign him a new case number.

Accordingly, it is **ORDERED**, that the motion for reconsideration, ECF No. 42, is **DENIED.**[2]

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 4, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 4, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

---

[1] Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.
[2] Contemporaneously with his motion for reconsideration, Plaintiff also filed an application to proceed in the district court without prepaying fees or costs. ECF No. 44. Plaintiff has already filed such an application on September 21, 2016, contemporaneously with his complaint, and the application was granted. ECF Nos. 2, 6.